IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFERY E.
MORGAN,

        Petitioner,

        v.                                CASE NO. 10-3115-RDR

CLAUDE CHESTER,
WARDEN, et al.,

        Respondents.

## O R D E R

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by an inmate of the United States Penitentiary, Leavenworth, Kansas. Petitioner has also filed an Application to Proceed Without Prepayment of Fees (Doc. 2). Although petitioner states that he will pay the filing fee when he receives a case number, the court finds based upon the current balance in his inmate account that his motion should be granted.

In support of his Petition, Mr. Morgan alleges as follows. He was convicted and sentenced in the United States District Court for the Western District of Missouri, and directed to take the 500-hour Residential Drug Abuse Treatment Program (RDAP). His offense was "'Conspiracy' Non-Violent" in violation of 21 U.S.C. § 846. He completed the RDAP, but the Bureau of Prisons (BOP) and the Warden have denied him a sentence reduction of one year. He cites 18 U.S.C. § 3621(b)(1994) as providing that the BOP "may" reduce the sentence of a prisoner by up to one year if the prisoner (1) completed the 500-hour RDAP and (2) was convicted of a non-violent offense. He alleges that he meets these criteria, and contends he is entitled to "the full benefits" of his completion of the RDAP.

He states that "other participants receive" the full benefits, and that "time is running out" for him to receive the full benefits.

It has long been established that exhaustion of all available administrative remedies is a prerequisite to a federal prison inmate seeking judicial review of administrative action by the BOP and federal habeas corpus relief pursuant to 28 U.S.C. § 2241. See Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir.1986); see also Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); McClung v. Shearin, 90 Fed.Appx. 444, 445 (4th Cir. 2004)(citing Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2nd Cir. 2001); Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir. 1981)). Administrative exhaustion is generally required for three valid reasons: (1) to allow the agency to develop a factual record and apply its expertise, which facilitates judicial review; (2) to permit the agency to grant the relief requested, which conserves judicial resources; and (3) to provide the agency the opportunity to correct its own errors, which "fosters administrative autonomy". See Moscato v. Federal BOP, 98 F.3d 757, 761-62 (3rd Cir. 1996). In order to have fully exhausted, petitioner must have raised claims on administrative appeal[1] that are identical to those he presents in his federal habeas corpus petition.

There are "limited exceptions" to the exhaustion prerequisite

---

[1] The BOP provides a three-level Administrative Remedy Program for inmates to obtain "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. First, an inmate must attempt informally to resolve the issue with institutional staff. 28 C.F.R. § 542.13(a). If the concern is not informally resolved, an inmate may file an appeal to the Warden. 28 C.F.R. § 542.14. Next, an inmate may appeal an adverse decision to the Regional Director. 28 C.F.R. § 542.15(a). Finally, the inmate may appeal to the BOP's Central Office. Id. No administrative remedy appeal is considered fully and finally exhausted until it has been denied by the Central Office. Id. If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

including "a narrow futility exception", which the Tenth Circuit Court of Appeals has "recognized in the context of petitions brought under 28 U.S.C. § 2254"; and "other circuits have recognized in the context of petitions brought under § 2241". See Ciocchetti v. Wiley, 2009 WL 4918253 (10th Cir. Dec. 22, 2009, unpublished)[2](citing see Fairchild v. Workman, 579 F.3d 1134, 1155 (10th Cir.2009); see e.g., Fazzini v. Northeast Ohio Corr. Ctr., 473 F.3d 229, 236 (6th Cir. 2006))(cited for persuasive value). Such exceptions "apply only in 'extraordinary circumstances,' and [petitioner] bears the burden of demonstrating the futility of administrative review." See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994)(citations omitted).

Petitioner makes no allegations regarding any attempt to exhaust administrative remedies, and requests expedited treatment of his Petition. However, his suggestion that time is running out, in and of itself, is not such an extraordinary circumstance as to warrant waiver of the exhaustion requirement. See Samples v. Wiley, 349 Fed.Appx. 267 (10th Cir. 2009)(Futility argument not supported by contention that administrative process is too slow and it was unlikely the BOP procedure would be completed by the date on which petitioner would have needed to be transferred to an RRC in order to receive a twelve-month RRC placement). Moreover, the Supreme Court has required that even those inmates who may be entitled to immediate release exhaust their administrative remedies. Faced with the argument "that to require exhaustion of state remedies . . . would deprive a . . . prisoner of the speedy review of his grievance which is so often essential to any effective redress," that Court

---

[2] This unpublished case is cited for its reasoning only, and not as precedent.

3

acknowledged that "exhaustion of . . . remedies takes time" but concluded "there is no reason to assume that . . . prison administrators . . . will not act expeditiously." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 494-95 (1973). Petitioner in this case has shown neither a "peculiar urgency" for proceeding in federal court nor that his administrative remedies would be futile. In short, he has not met his burden of showing extraordinary circumstances exempting him from the exhaustion requirement. Accordingly, the court finds this § 2241 petition is subject to being dismissed for failure to exhaust[3].

The court further finds that Mr. Morgan does not state sufficient facts to show he is entitled to relief under 28 U.S.C. § 2241. Section 2241(c)(3) pertinently provides: "The writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States . . . ." The Tenth Circuit Court of Appeals recently discussed § 3261:

> Title 18 U.S.C. § 3621 governs the imprisonment of persons convicted of federal crimes. In 1990, Congress amended the statute to direct the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). In the Violent Crime Control and Law Enforcement Act of 1994 (VCCLEA), Pub.L. No. 103-322, 108 Stat.1987, Congress amended the statute to provide an incentive for prisoners to participate in RDAP. <u>See</u> <u>Lopez v. Davis</u>, 531 U.S. 230, 233, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001). The statute now provides the BOP "may" reduce the period a prisoner convicted of a nonviolent offense remains in custody after successfully completing RDAP for a period of up to one

---

[3] While the Supreme Court has held that the failure to exhaust administrative remedies must be pleaded as an affirmative defense under the Prison Litigation Reform Act ("PLRA"), <u>see</u> <u>Jones v. Bock</u>, 549 U.S. 199 (2007), the PLRA does not apply to federal habeas proceedings. Nothing in <u>Jones</u> prohibits the sua sponte dismissal of a section 2241 petition on exhaustion grounds.

year.  See 18 U.S.C. § 3621(e)(2)(B).

Redmon v. Wiley, 349 Fed.Appx. 251, 255 (10th Cir. 2009).  The statute does not provide that any inmate who completes the RDAP has an entitlement to a one-year early release.  As petitioner acknowledges the statute provides instead that the BOP "may" award up to a one-year early release.  Petitioner does not even summarize the substance of the BOP's decision in his case.  Thus, he makes no showing that the BOP's decision was arbitrary or capricious or otherwise contrary to federal or constitutional law.  Petitioner's bald statement that others receive a one-year early release falls far short of stating a claim of denial of equal protection.

Petitioner is hereby required to show that he has fully exhausted administrative remedies on his claims, and to allege additional facts showing the decision in his particular case amounted to a violation of federal or constitutional law.  If he fails to file a satisfactory response within the time allotted this action shall be dismissed, without prejudice.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that petitioner is granted twenty (20) days in which to show that he has fully exhausted administrative remedies on his claims, and to allege additional facts showing the decision in his particular case amounted to a violation of federal or constitutional law.

**IT IS SO ORDERED.**

**DATED:  This 9th day of June, 2010, at Topeka, Kansas.**

**s/RICHARD D. ROGERS**
                                        **United States District Judge**