```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS
```

JEFFERY E.
MORGAN,

                    **Petitioner,**

               v.                     CASE NO. 10-3115-RDR

CLAUDE CHESTER,
WARDEN, et al.,

                    **Respondents.**

## O R D E R

Upon screening this habeas corpus petition, the court entered an Order requiring Mr. Morgan to show cause why this action should not be dismissed for failure to show exhaustion of prison administrative remedies and for failure to state sufficient facts showing an entitlement to relief under 28 U.S.C. § 2241.

Petitioner has filed a Response that is more mystifying than enlightening. He states in his Response that "Texas D.S.C.C. has already denied petitioner his right to a sentence reduction" based upon "the presentence report and its 2 point enhancement for possession of a gun." He exhibits an "Informal Resolution" administrative remedy submitted at the United States Penitentiary in Leavenworth in which he stated: "Texas D.S.C.C. has denied me a sentence reduction . . . ." The correctional counselor's response at the USPL was: "This issue should be addressed with the Texas DSCC, not the BOP." He claims he has exhausted based upon this informal resolution.

Petitioner does not explain what the "Texas D.S.C.C." is or

why it would be deciding his request for a reduction of his federal sentence.  He was sentenced in the Western District of Missouri, and the court takes judicial notice of documents in the criminal case showing his request for that court to order the BOP to comply with its sentencing order was denied.  The court finds that petitioner is seeking a sentence reduction to a sentence imposed in the Western District of Missouri, that the reduction is a matter within the discretion of the United States Bureau of Prisons, and that he is currently confined in the federal prison at Leavenworth.  The court concludes that petitioner has not shown that he properly exhausted his administrative remedies on the claim that the Bureau of Prisons denied him a sentence reduction.  If he believes the correctional counselor or unit manager should have taken some action other than the response provided, he should have appealed to the next level.  If the D.S.C.C. is a state agency that has issued some directive that is preventing his early release, he must raise any challenges to actions by a state agency in the Texas state courts before he may seek relief in federal court.

The court further concludes that Mr. Morgan has failed to allege sufficient facts showing either that BOP officials improperly denied his request for a sentence reduction or that any action taken by them was an abuse of their discretion.  Accordingly, for the reasons stated herein and the court's Order entered June 9, 2010, this action is dismissed.

**IT IS THEREFORE ORDERED** that this action is dismissed, without prejudice, and all relief is denied.

**IT IS SO ORDERED.**

DATED:  This 8th day of July, 2010, at Topeka, Kansas.


                                    s/RICHARD D. ROGERS
                                    United States District Judge